HARRINGTON *v.* SHARP, *Admr.*, &c.

A judgment cannot operate as a lien upon a pre-emption right to land; it attaches only to the estate in fee, or by inheritance.

A judgment will not operate as a lien upon after-acquired estate, under the laws of Iowa, until a levy is made.

ERROR, *to Jackson District Court.*

*P. Smith*, for the plaintiff in error.

*James Crawford*, for the defendant.

*Opinion by* GREENE, J.   The plaintiff in error instituted an action of right against the defendants, for two lots in the town of Bellevue.   The suit was dismissed, and a judgment rendered against the plaintiff for costs.   The case is now in this court, by agreement of parties, on a writ of error.

The facts, as presented by agreement of the parties, show that Peter Dutell had a pre-emption right under an act of congress providing for laying off the towns of Fort Madison,

Greene.
1g 131
118 416

Bellview, &c., and by virtue of that right entered the two lots in April, 1841; and in the month following conveyed them to the plaintiff.

The right of defendant is predicated on a sheriff's deed, from a judgment rendered against Dutell, in October, 1840. The levy and sale, under said judgment, were made subsequent to the transfer from Dutell to Harrington.

The only questions submitted to our determination are, will a judgment operate as a lien on a pre-emption right, and on after-acquired lands?

Under our statute, a judgment is a lien only on the "*real estate of the person*" against whom it was rendered. By the language, "real estate of the person," we understand, that the fee simple, or estate of inheritance, must be in the person, in order to have the judgment against him operate as a lien upon the land. A mere pre-emption right confers no such fee or estate upon a person. It is but a temporary and conditional interest, unknown to the common law. It only imparts to the pre-emptioner a right over others to purchase the land within a limited period, at a stipulated price, and if he fails to pay the price within the time required, the right ceases. It is of a nature no greater than an estate for years—a mere equitable and contingent interest; and hence we are firmly of the opinion that a judgment cannot operate as a lien upon a pre-emption right to lands. See 1 Scam., 314.

Before a judgment will attach a lien upon land, the judgment debtor must have in it something more than an equitable interest: it must be an absolute estate, or a vested interest, known and acknowledged at law. *Vide Modesett et al.* v. *Johnson;* 2 Blackf. R., 436; 2 Cowen, 497.

As Dutell's pre-emption right to the two lots was not affected by the judgment, the question arises, would it attach as a lien upon his after-acquired title to them? The *Rev. Stat.*, p. 271, § 6, provides that "judgments in the district and supreme courts shall have the operation of, and shall be liens upon, the real estate of the person or persons against whom such judgments may be rendered, *from the day of the rendition*

*thereof.*" This evidently determines a lien only upon such lands as the person may own *at the time* judgment is rendered against him.

In the authorities referred to our consideration, we find ample grounds to justify the opinion, that a judgment will not operate as a lien upon property without legislative enactment; and these enactments on the subject vary very materially in different states.

In New York, by special statutory provision, a judgment is a lien upon after-acquired estate. But the laws of Pennsylvania and Ohio, on the subject of judgment liens, are very similar to ours; and in both of these states, after able and deliberate investigation, it has been decided, that when the title to real estate was acquired by the debtor after the rendition of the judgment, a lien will not attach until levy is made. *Vide* 6 Binney, R. 135–145; Walker's Intro. to Am. Law, 438; 1 Ham., 281; 2 *ib.*, 65, 224.

In the case under consideration, Dutell acquired title several months after judgment had been rendered against him; and as no levy was made upon the lots in dispute until some time after the transfer to the plaintiff was regularly made and recorded, we can entertain no doubt of his right to the premises.

Believing, then, that under our laws a judgment cannot operate as a lien upon lands acquired subsequent to the rendition thereof, except by levying thereon, we are of the opinion that the deed made by Peter Dutell to the plaintiff, Anson Harrington, conveyed the legal title to the lots in dispute, and that the sheriff's deed vested no right in the defendants. Judgment will be rendered for the plaintiff accordingly; and that of the court below reversed with costs.

Judgment reversed.